No. 698
KRUSZEWSKI v. KOZLOWSKI
Ohio Appeals, 8th Dist., Cuyahoga County
No. 5061. Decided May 26, 1924.

**899. NEW TRIAL—No irregularity in service of summons where no misnomer is made.**

Vickery, P. J., Sullivan and Levine, JJ.

PER CURIAM.      Epitomized Opinion
Published Only in Ohio Law Abstract

Hattie Kozlowski brought suit against Sophia Kruszewski in Cleveland Municipal Court, and designated her as sometimes known under some other name. Service of summons was made upon Sophia, and default judgment was taken against her. After the term expired, her attorney made a motion for a new trial on the ground of there being irregularity in the proceedings, which brought it within the statute which provides for granting a new trial afted term by motion instead of petition.

The only irregularity claimed was that the suit was against a person unknown, and the statute provides that when that is true, after the name becomes known it must be inserted by leave of court, and as that was not done an irregularity arose. But the right person was sued, and her name was known and service was made upon her, and there was no necessity of inserting her name afterwards. It does not appear that there was any defense, or any defense was tendered, and the claimed irregularity was none at all. The Court of Appeals approved the judgment below.

Attorneys—D. M. Bader, for Kruszewski; J. S. Kragewski,, for Kozlowski; all of Cleveland.

---

No. 699
AKRON (City) v. RENNER CO.
Ohio Appeals, 9th Dist., Summit County
No. 807. May 26, 1924

**801. MUNICIPAL LAW—A city, desiring to prosecute a suit to compel the performance of an agreement to improve is not precluded from doing so by the fact that it delays bringing the suit until after a taxpayer has brought suit for the same purpose.**

WASHBURN, J.      Epitomized Opinion
Published Only in Ohio Law Abstract

In 1919, the City of Akron and two railroad companies made an agreement to improve a portion of a street in said city. In 1922, the agreement not being performed, the Renner Products Co. requested the director of law of said city to commence an action to compel the carrying out of the agreement to make the improvement. On Jan. 2, 1923, the Renner Products Co., as a taxpayer, brought an action to compel the making of said improvement. Thereafter, on March 1, 1923, this action was commenced by the city, by its director of law, in the same court, against the same railroad defendants to accomplish the same result. Thereupon said taxpayer at its own request was made a party defendant in this suit and filed a motion asking the court to strike from the files the city's petition and to dismiss its action. The motion was granted by the Common Pleas and the city prosecuted error to the Court of Appeals, which held:

The sole object of the action that a taxpayer may bring under 4314 GC. is to protect the City, which is the real party in interest. The taxpayer by bringing the suit does not supercede and take the place of all the officers of the city; the City may do anything that it could lawfully do if the suit had not been brought. Thereafter the City may join in that suit or it may bring a separate suit to accomplish the same result, and if the city does the latter, the court may not on motion of the taxpayer dismiss the suit of the City. Judgment reversed and cause remanded.

Attorneys—H. M. Hagelbarger, Law Dir., and C. T. Moore, Asst., for City; Greenberger & Hotchkiss, for Renner Co.; all of Akron.

---

No. 700
ETTINGER v. HANNA ESTATES CO.
Ohio Appeals, 8th Dist., Cuyahoga County

**1106. STATUTE OF FRAUDS—Verbal promise to pay debt of another, sufficient where promissor has purpose in making and promisee performs.**

PER CURIAM.      Epitomized Opinion
Published Only in Ohio Law Abstract

The Hanna Estates Co. brought this action in the Cuyahoga Common Pleas against Glenn D. Ettinger, on a verbal promise to pay the debt of another. Jury was waived and the court found for the Hanna Co., the amount being $540. Error is being prosecuted to the Court of Appeals in this case, which held:

The main contention is that a verbal promise to pay the debt of another is not enforceable under the Statute of Frauds. This case, however, comes within an exception to the rule. Ettinger was desirous to have a mortgage he was intrested in become a first mortgage, but the Hanna Co. had a mortgage ahead of his. So he promised that if it would release its mortgage he would pay the $540, whereupon it cancelled its mortgage. Ettinger had a purpose to serve and the main reason why he made the promise was to get a first mortgage upon the property. The fact that the Hanna Co. did cancel and that he had such a purpose bring the case within the Statute of Frauds, and the judgment of the court below is affirmed.

Attorneys—Price, Shepherd & Graves, for Ettinger; Simmons, De Witt & Vrooman, for Hanna Co.; all of Cleveland.